UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUELA OLIVAS,

       Plaintiff,

       v.                                         No. 2:11-cv-00151-MV-CG

LAS CRUCES MEDICAL CENTER, LLC

       Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on *Plaintiff's Motion to Remand* (Doc. 4).  In an action for age discrimination filed in New Mexico state court, Plaintiff's Original and Amended Complaints allege that she was disparaged, harassed, and ultimately terminated by Defendant on account of her age, in violation of the New Mexico Human Rights Act ("NMHRA"), N.M. Stat. Ann. § 28-1-7 (A) (2011).  The case proceeded in state court until Plaintiff contended – in a brief filed in response to Defendant's motion for summary judgment – that Defendant's conduct also violated the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.S. § 621 et seq.  Defendant subsequently removed the case to this Court, citing the existence of federal-question jurisdiction.  On the instant motion, Plaintiff contends that removal is now time-barred, as the action's removability was evident from the outset of litigation – specifically, from the Original Complaint's reference to Plaintiff's receipt of a Right to Sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC").  The Court, having considered the motion, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that *Plaintiff's Motion to Remand* (Doc. 4) should be **DENIED.**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Manuela Olivas is a former employee of Defendant Las Cruces Medical Center, LLC, ("LCMC"), where she worked as a Cashier from 2005 until her termination in 2009.  At the time of the events set forth in the Complaint, Plaintiff was fifty-nine years old.

***Representations in the Original Complaint***

On March 24, 2010, Plaintiff filed her *Original Complaint Based on Age Discrimination* in the Third Judicial District Court, Dona Ana County.  The Complaint "allege[d] discrimination in violation of state law," (Doc. 4 Ex. 4, Cplt. at 1), though it did not set forth any counts. Specifically, Plaintiff alleged that unidentified employees of Defendant "told [her] that she was too old and too slow," harassed her, changed her schedule in favor of a younger employee, and ultimately terminated her on the basis of her age.  *Id.* ¶¶ 6-8.  The Complaint alleges that Defendants' actions violated the NMHRA.  It further states that Plaintiff "timely filed a charge of religion discrimination[1] with the Equal Employment Opportunity Commission and satisfied all administrative requirements for filing this suit."  *Id.* ¶ 12.

***Representations in the Amended Complaint***

On May 21, 2010, Plaintiff filed her *First Amended Complaint* in the state court.   The only amendment Plaintiff made to the original Complaint was to remove a named Defendant, Community Health Systems Professional Corporation, leaving LCMC the only remaining Defendant in this case.

---

[1]The reference to "religion discrimination" appears to be an error.  However, Plaintiff did not remedy the presumed error in her Amended Complaint.

***Representations in Plaintiff's State-Court Summary Judgment Briefing***

On January 21, 2011, Defendant filed a motion for summary judgment, contending that Plaintiff did not properly file suit within 90 days of the EEOC's Right to Sue letter.  Plaintiff responded on February 1, 2011, arguing that she had 90 days to file suit from the day she was served with the EEOC's letter to file a complaint, and maintaining that she complied with the deadline.

Plaintiff's response brief further highlighted a statement she made in her affidavit to the EEOC accusing Defendant of violating both the NMHRA *and* the federal Age Discrimination in Employment Act ("ADEA").  The ADEA was not cited in either the original or the Amended Complaint.  The brief went on to clarify Plaintiff's position that her case was "filed under both state and federal law"; that suits stemming from EEOC claims have been held to invoke federal jurisdiction; and that "[s]ince [a] Title VII claim involves a federal statute, federal law governs the resolution of this issue." (Doc. 1 Ex. 1 at 3).  However, while conceding that Defendant could have removed the case to federal court within 30 days of being served with her Complaint, Plaintiff's brief warned that Defendant's failure to do so meant that it had thus lost its right of removal.  *See* 28 U.S.C. § 1446(b).

***Removal to this Court***

On February 14, 2011, Defendant removed the case to this Court.  The Notice of Removal stated that Plaintiff did not allege any violations of federal law in either her Original or Amended Complaint or Amended Complaint, and that Defendant was unaware that Plaintiff intended to assert a claim under the ADEA until her response brief was filed.  Defendant noted that it was empowered to remove to federal court a lawsuit raising a federal question

'within 30 days after receipt of the initial pleading setting forth relief.  However, if 'the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . .'

(Doc. 1 at 2, quoting 28 U.S.C. § 1446(b).  Defendant claimed that Plaintiff's response brief constituted "other paper" from which was able to ascertain for the first time that the case was removable.

On March 17, 2011, Plaintiff filed the instant motion to remand.

## RELEVANT LAW REGARDING REMOVAL

28 U.S.C. § 1441(b) provides for removal of an action from state to federal court when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law.  "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted).  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.*  "This rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Id.*  Because federal courts are courts of limited jurisdiction, there is a presumption that no federal jurisdiction exists "absent an adequate showing by the party invoking federal jurisdiction."  *United States ex. rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

4

Pursuant to 28 U.S.C. § 1446(a), defendants who seek to remove a civil action from state court to federal district court must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon . . . defendants in such action."  The federal court's original subject-matter jurisdiction must "affirmatively appear in the record."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (marks omitted). Thus, a defendant must show through its notice of removal that the plaintiff's well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).  A defendant must file its notice of removal "within 30 days after receipt of the initial pleading setting forth relief," or, "if the case stated by the initial pleading is not removable," within 30 days of defendant's receipt of the amended pleading, order, motion, or "other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).

## DISCUSSION

### I. Removal Was Timely

Plaintiff concedes that her action raises a federal question, but contends that Defendant has missed its opportunity for removal on procedural grounds.  According to her, there are several ways Defendant could have ascertained that the case was removable before she invoked the ADEA for the first time in her response brief.  First, Plaintiff claims that Defendant should have known she was bringing a federal claim because both Complaints "incorporated" the

EEOC's Right to Sue letter,[2] which contained the boilerplate language that Plaintiff was entitled to bring a lawsuit against her former employer "in U.S. District Court or a State court of competent jurisdiction."  Second, Plaintiff notes that she provided Defendant with the Right to Sue letter along with her first discovery responses on September 8, 2010, and indicates that removal would still have been proper at that time.[3]   Finally, Plaintiff notes that "the title of the lawsuit is age discrimination which is a Title VII statute."  (Doc. 4 at 3).

Plaintiff's arguments plainly fail.  A mere reference to a plaintiff's filing of an EEOC Charge of Discrimination and/or attachment of an EEOC Right to Sue letter to an initial pleading does not signal that a plaintiff is asserting a federal cause of action.  On the contrary, Plaintiff's Complaints describe her EEOC filing to show that she had met her "Administrative Prerequisites to Suit."  *See Bates v. N.M. Corr. Dept.*, 2010 U.S. Dist. LEXIS 113021, at *22 (D.N.M., Sept. 30, 2010) ("To bring an NMHRA suit in district court, a plaintiff is required to exhaust the administrative grievance process with respect to all defendants named in the district court lawsuit.").  While the EEOC notice gave Plaintiff the right to bring a suit under state and/or federal law, it did not require her to do either.  As the master of her claim, it was Plaintiff's

---

[2]Plaintiff appears to refer to the section in the Complaint(s) titled "Administrative Pre-Requisites to Suit," which recites that "Plaintiff has timely filed a charge of religion [sic] discrimination with the Equal Employment Opportunity Commission and satisfied all administrative requirements for filing this suit."  (Doc. 4 Ex. 4, Cplt.¶ 12).

[3]Plaintiff contends that a copy of the EEOC notice was provided as Exhibit A to the Complaint, and that this was sufficient to provide Defendant with notice of a federal cause of action and start the 30-day clock running on Defendant's time for removal.  However, Plaintiff also states that she provided Defendant with the EEOC notice at the same time she submitted her first discovery responses in September 2010 -- six months *after* the Complaint was filed – and that "Defendant could have filed a notice of removal" at that time.  (Doc. 8 at 1).  Regardless of when Plaintiff first provided the letter, the Court finds that Plaintiff's merely providing Defendant with a copy of her EEOC Right to Sue letter is insufficient to demonstrate that she was bringing a removable claim asserting a federal cause of action.

prerogative to avoid federal jurisdiction by relying exclusively on state law.  "The [well-pleaded-complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).  *See also Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.").  From the face of both her Complaints, it appears that Plaintiff exercised that prerogative by alleging only a violation of the NMHRA.

Similarly, Plaintiff contends that Defendant should have known that, where "the title of the lawsuit is age discrimination," a federal cause of action is being asserted pursuant to Title VII of the Civil Rights Act of 1964.  (Doc. 4 at 3).  Plaintiff's argument fails in two ways.  First, a general accusation of "age discrimination" in the workplace does not automatically trigger a federal cause of action, as discrimination on the basis of age is illegal under both federal and New Mexico state law.  It thus falls to the individual plaintiff, as master of her claim, to select the statute(s) she means to assert against the defendant.  *See, e.g., Smith v. FDC Corp*., 109 N.M. 514 (1990) (state court action for age discrimination in employment in violation of the NMHRA, N.M. Stat. Ann. § 28-1-7, and not asserting a claim under the ADEA); *Cates v. Regents of the N.M. Inst. of Mining & Tech*., 124 N.M 633 (1998) (same).  Plaintiff invoked only a New Mexico statute, the NMHRA, in her Original and Amended Complaints, which specifically "allege[d] discrimination in violation of state law," and made no mention of federal law.  (*See* Doc, 4 Ex. D, Cplt. at 1).  Consequently, there was nothing in either initial pleading to raise the inference that this action was removable.  Moreover, even if Plaintiff had referred to Title VII in either her Original or Amended Complaint – which she did not – she would not have identified an appropriate mechanism for bringing a federal claim for age discrimination.  Title VII

proscribes discrimination based on race, color, sex, religion, and national origin.  The federal statute prohibiting age discrimination in employment is the ADEA.  *See* 29 U.S.C. § 621 et seq.

It is "long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."  *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987).  Because it was not evident from the face of either the Original or Amended Complaint that Plaintiff meant to assert a federal cause of action, the Court finds that Defendant had 30 days to remove the case from the date it received the "other paper" from which it was first ascertainable that the case had become removable – February 1, 2011, when Plaintiff's summary-judgment brief alleged for the first time in this action that Defendant's conduct violated the ADEA.  Defendant subsequently removed this action on February 14, 2011, well within the 30-day deadline permitted by the removal statute.  28 U.S.C. § 1446(b).  Thus, the Court determines that removal was timely, and, as Plaintiff has offered no other reason why the Court lacks jurisdiction over this case, that remand should be denied.

## II.  Additional Considerations

Because Plaintiff's motion to remand fails on the merits of her argument that removal should be barred for being untimely, the Court need not consider Defendant's additional argument that Plaintiff has waived her ability to challenge any alleged defect in Defendant's removal procedure by her own untimely filing of the instant motion.

## CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Remand* (Doc. 4) is **DENIED**.

      **DATED** this 8th day of December, 2011.

 

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorney for Plaintiff</u>:
Daniela Labinoti

<u>Attorneys for Defendants</u>:
Clara B. Burns
José A. Howard-Gonzales