UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUELA OLIVAS,

       Plaintiff,

       v.                                                              No. 2:11-cv-00151-MV-CG

LAS CRUCES MEDICAL CENTER, LLC

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendant's Motion for Summary Judgment* (Doc. 1 Ex. 2). In an action for age discrimination, Plaintiff alleges that she was disparaged, harassed, and ultimately terminated by Defendant on account of her age, in violation of the New Mexico Human Rights Act ("NMHRA"), N.M. Stat. Ann. § 28-1-7 (A) (2011), and the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.S. § 621 et seq. On the instant motion, Defendant contends that it is entitled to summary judgment because Plaintiff did not file this action within 90 days of her receipt of a "Determination of No Probable Cause" letter from the State of New Mexico Department of Workforce Solutions.[1] Plaintiff responds that Defendant has proffered no evidence of when she received the letter. The Court, having considered the motion, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that *Defendant's Motion for Summary Judgment* (Doc. 1 Ex. 2) should be **DENIED.**

---

[1] Plaintiff also filed an administrative charge of discrimination with a separate body – the U.S. Equal Employment Opportunity Commission ("EEOC") – prior to filing this lawsuit Defendant does not appear to dispute that this action was timely filed within 90 days of her receipt of a Right to Sue letter from the EEOC.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Manuela Olivas is a former employee of Defendant Las Cruces Medical Center, LLC, ("LCMC"), where she worked as a Cashier from 2005 until her termination in 2009.  At the time of the events set forth in the Complaint, Plaintiff was fifty-nine years old.

*Allegations in the Complaints*

On March 24, 2010, Plaintiff filed her *Original Complaint Based on Age Discrimination* in the Third Judicial District Court, Dona Ana County.  The Complaint "allege[d] discrimination in violation of state law," (Doc. 4 Ex. 4, Cplt. at 1), though it did not set forth any counts.  Specifically, Plaintiff alleged that unidentified employees of Defendant "told [her] that she was too old and too slow," harassed her, changed her schedule in favor of a younger employee, and ultimately terminated her on the basis of her age.  *Id.* ¶¶ 6-8.  The Complaint alleges that Defendants' actions violated the NMHRA.  It further states that Plaintiff "timely filed a charge of religion discrimination[2] with the Equal Employment Opportunity Commission and satisfied all administrative requirements for filing this suit."  *Id.* ¶ 12.

On May 21, 2010, Plaintiff filed her *First Amended Complaint* in the state court.  The only amendment Plaintiff made to the original Complaint was to remove a named Defendant, Community Health Systems Professional Corporation, leaving LCMC the only remaining Defendant in this case.

---

[2]The reference to "religion discrimination" appears to be an error.  However, Plaintiff did not remedy the presumed error in her Amended Complaint.

*Plaintiff's Assertion of Federal Law in State-Court Summary Judgment Briefing and Defendant's Removal to this Court*

On January 21, 2011, Defendant filed the instant motion for summary judgment in the state court. On February 1, 2011, Plaintiff responded to the instant motion. In her brief, Plaintiff highlighted a statement she had previously made in her affidavit to the EEOC accusing Defendant of violating the ADEA and asserted for the first time that this federal statute would govern resolution of her case. Plaintiff's statements served as the basis of Defendant's subsequent removal of the case to this Court. *See* Doc. (Court's Memorandum Opinion and Order denying Plaintiff's motion for remand, which challenged removal as untimely, on the grounds that a defendant may remove an action to federal court "within thirty days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.") (quoting 28 U.S.C. § 1446(b)).

## **LEGAL STANDARD**

*Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure requires that summary judgment be rendered "where no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 725 (10th Cir. 2006); *see also* Fed. R Civ. P. 56(c)(2). The moving party bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation and marks omitted). Once this burden has been met, "the burden shifts to the nonmoving party

to show that there is a genuine issue of material fact.  The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor." *Id.  See also Clifton v. Craig,* 924 F.2d 182, 183 (10th Cir. 1993).  It is not enough for the nonmoving party to "rest on mere allegations or denials of his pleadings" to avoid summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also West v. New Mexico Taxation and Rev. Dept.*, No. Civ. 09-0631, U.S. Dist. LEXIS 131626, at *42 (D.N.M., Oct. 31, 2010) ("[n]or can a party avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation") (internal quotation and marks omitted). In reviewing a motion for summary judgment, the court must "examine the factual record and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1184 (10th Cir. 2010).  Its function at this stage is "not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 243.

## DISCUSSION

Defendant moves for summary judgment on wholly procedural grounds, arguing that Plaintiff failed to meet the statutory 90-day deadline to bring suit.  Defendant points to the "Determination of No Probable Cause" letter that the Department of Workforce Solutions mailed to Plaintiff on December 10, 2009.  (Doc. 1 Ex. 2-A).  The letter informed Plaintiff that the agency had determined that no probable cause existed to believe that age discrimination occurred in Plaintiff's workplace, but that Plaintiff could file "a notice of appeal in the form of a complaint" in the appropriate district in state court, with the proviso that the action "must be

filed within ninety (90) days of the date of service of this Determination. . . .". *Id.* While Defendant proffers no evidence of when *Plaintiff* was served with the letter, the receipt stamp on the copy of the letter Defendant has submitted in the record shows that its former co-Defendant, Community Health Systems, received its copy on December 14, 2009 – 100 days before Plaintiff filed this action.³ *See id.,* Doc. 1 (Original Complaint dated March 24, 2010). Thus, implicit in Defendant's argument is the contention that Plaintiff could not have received the Determination letter as late as December 24, 2009, which fell 90 days before the Original Complaint was filed.

Plaintiff makes two points in her own defense. First, she asserts that Defendant has provided no evidence to show when she received the "Determination of No Probable Cause" letter from the Department of Workplace Solutions. The Court agrees. While Defendant may indeed have a valid argument regarding Plaintiff's alleged failure to comply with the 90-day deadline, the Court cannot make that determination based on the summary judgment record. Simply attaching a letter as an exhibit is not evidence that the letter was received by Plaintiff on the same date that it was received by Defendant.

Second, while Plaintiff's response brief is not a model of clarity, she appears to argue that because she originally filed a charge of discrimination with two separate entities – the State Department of Workplace Solutions <u>and</u> the EEOC – she was entitled to file suit on the timetable established following her receipt of either entity's right to sue letter. Plaintiff points to the "Dismissal and Notice of Rights" she received from the EEOC, which informed her that it had "adopted the findings of the state or local fair employment practices agency" that investigated

---

³Defendant claims that Plaintiff filed suit 104 days after the "Determination of No Probable Cause" letter, which improperly calculates the 90-day clock on filing suit from the date the letter was issued, rather than the date it was received by Plaintiff.

her administrative charge against Defendant.  (Doc. 1 Ex. 2-C).  The letter further informed Plaintiff of her right to file a lawsuit against Defendant in state or federal court based on the complained-of conduct "WITHIN 90 DAYS of your receipt of this notice or your right to sue based on this charge will be lost."  *Id.*  The Right to Sue letter lists January 27, 2010 as the "date mailed."  *Id.*  Plaintiff notes that she filed this lawsuit "within 90 days" of receiving the EEOC's Right to Sue letter.  (Doc. 1 Ex. 2 at 2).  "In fact, she filed within 60 days of the Notice to Sue, way earlier than the deadline."  *Id.*  While the Court finds Plaintiff's additional argument persuasive, because Defendant has not set forth any evidence or argument tending to show that Plaintiff received the first of two Right to Sue letters more than 90 days before she filed the instant action, the Court need not determine whether she was required to comply with the earlier of the two deadlines.  Therefore, the Court will deny Defendant's motion for summary judgment that this lawsuit was untimely filed.

## CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that *Defendant's Motion for Summary Judgment* (Doc. 1 Ex. 2) is **DENIED**.

**DATED** this 23rd day of January, 2012.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorney for Plaintiff</u>:
Daniela Labinoti

<u>Attorneys for Defendants</u>:
Clara B. Burns
José A. Howard-Gonzales